Ra                                                 8765

perior Court of the District of.Coiumbia

CIVIL DIVISION

500 Indiana Avenue,        Civii Actions Brøncb N.W., s«qe 5000
Telephone: (202)

Nashington, D.C. 20001

(202) 9794933 Web$i{e; wmv.dccourts.gov

TERR} LEA

_____
                                    Plaintiff

                vs,

                                                    Case Number 2020 CA 003987 B

DISTRICT OF COLUMBIA, et al.

_____
                                    Defendant

Ventris C. Gibson

SUMMONS

To the :ahove natned Defendanc.

You are hereby summoned and required to Serve an Answet the attached Compiaint, either personaåy o! through an attorneys within twenty one (21). days after service of this summons upon yous exclusive (fthe day of.serviee. If you are being sued as an officer Q! agencyofthe United States Governr or the 'District of Columbia Government, you.'have sixty(60) days after service (if this summons to serve yout Answer. A copy or the Answer must be mailed to {he attorney plaintiff who 'is suing The attorney's name and addres appear below. if pi@intiff has no attorney. cow of the Answer muSt be mailed to the plaintiff the address stated on this Summons

You are also required file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John F. Pressley, Jr.

Name of Plaintiff's Attorney

7600 Georgia Avenue, N.W., Suite 206

Address

Washington, D.C. 20011

(202) 723-8800

Telephone

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면, (202) 879-4828로 전화주십시오    ኣማርኛ ትርጉም ለማግኘት (202) 879-4828    ይደውሉ

Clerk of the Court

By

Date    09/15/2020

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation

Vea    dorsö ka•ttadncciânal espafiDi

between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and    noon on

CV-3110 [Rev. June 2017]

Snper. CYS'.. R.4



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION
#### Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

TERRI LEA

Vs.                                          C.A. No.        2020 CA 003987 B

DISTRICT OF COLUMBIA et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. ct. Civ. 40-1, it is hereby <u>ORDERED</u> as follows:

(l) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2)        Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof

of service has not been filed the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3)     Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4)     At the time and place noted below, all counsel and unrepresented parties shall appear betöre the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5)     Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference once with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6)     Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these. orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief     Judge     RobertE. Morin case Assigned to: Judge SHANA FROST MATINI Date: September 15, 2020
_____

Initial Conference: 9:30 am, Friday, December 18, 2020
Location: Courtroom 517
          500 Indiana Avenue N.W.
          WASHHNGTON, DC 20001

CAIO-60

ADDENDUM To NITIAL ORDER AFFECTNG     ALL
MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code S 16-2801, et sew (2007 Winter Supp), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC@ Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code S 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notiö' all attorneys and pro se parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and pro se

parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.CV Code S 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiffs counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Pro se Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Offce.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at wwwedccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (l) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (l) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. CodeS 16-2826. Any Plaintiff who is pro se may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin

CAIO-60

riled
D.C. Superior Court
09/11/2020 13:saPM
Clerk oz the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

TERRI LEA
5405 Tuckerman Lane, #B435
North Bethesda, MD 208052

Plaintiff

Civil Action No. 2020 CA 003987 B

DISTRICT OF COLUMBIA

A Municipal Corporation

1350 Pennsylvania Ave., N.W.

Washington, D.C. 20004

Serve: Chad Copeland

    Deputy Attorney General
Civil Litigation Division
400 Sixth Street, N.W.
 Washington, D.C. 20001

        and

VENTRIS C. GIBSON

Department of Human Resources

1015 Half Street, S.E., 9th Floor

Washington, DC 20003

In her individual capacity

Serve: Chad Copeland

        Deputy Attorney General
Civil Litigation Division
400 Sixth Street, N.W.
Washington, D.C. 20001

         and

ERNEST CHRAPPAH

Department of Consumer

and Regulatory Affairs 1100

4th St S.W.

Washington, DC 20024

In his individual capacity

Serve: Chad Copeland

        Deputy Attorney General,
Civil Litigation Division
400 Sixth Street, N.W.
Washington, D.C. 20001

        Defendants

<u>COMPLAINT</u>

COMES NOW, Plaintiff, Terri Lea, by and through her attorney, John F. Pressley,

Jr., Esq., and for her Complaint against the defendants herein, alleges as follows:

1. INTRODUCTION

1. This is a civil action brought pursuant to federal civil rights law (42 U.S.C. 51983) and the common law of the District of Columbia seeking monetary damages and injunctive relief for violation of the plaintiffs civil, constitutional and common law rights.

11. JURISDICTION

2. This Court has jurisdiction over this action pursuant to D.C. Code Sl 1-921 (2001 ed., as amended).

3. Notice pursuant to D.C. Code 512-309 (2001 ed., as amended) was served on the

Mayor of the District of Columbia on September 10, 2018.

111. THE PARTIES

4. The plaintiff, TERRI LEA, at all times relevant to the Complaint was a resident of Maryland or the District of Columbia.

5. Defendant DISTRICT OF COLUMBIA is a municipal corporation that operates and manages the Deparment of For-Hire Vehicles and the Department of Human Resources (DCHR). In the events relevant to this case, the District of Columbia acted through its agents, employees, and servants.

6. Defendant VENTRIS C. GIBSON, at all times relevant to the complaint, was Director of the District of Columbia Department of Human Resources and as such was a final policy making official with delegated personnel authority over

2

District of Columbia government agencies. At all times relevant to the complaint, said defendant acted under color of District of Columbia law.

7.  Defendant ERNEST CHRAPPAH, at all times relevant to the complaint, was Director of the District of Columbia Department of For-Hire Vehicles (DFHV). Mr. Chrappah is currently the District of Columbia Director of the Department of `Consumer and Regulatory Affairs (DCRA)`.

## IV. STATEMENT OF FACTS

8.  On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

9.  On November 27, 2017, plaintiff was interviewed by three (3) members of the DFHV cabinet, including the Acting General Counsel, Monique Bobcock and Director, Ernest Chrappah.

10. On November 27, 2017, Ms. Lea was also interviewed by Tanya Ricks, the Director of Human Resources for the DFHV, who inforrned her of the agencys six (6) stage hiring process.

11. On November 27, 2017, Ms. Lea received a questionnaire and personality test from Ms. Ricks and was given 48 hours to answer six (6) essay questions and complete a personality test.

12. On November 29, 2017, Ms. Lea completed the personality test and submitted her responses to the interview questionnaire.

13. On January 8, 2018, Ms. Lea was contacted by Thomas Moir, the Chief of Staff for the Mayor's Office of Legal Counsel (MOLC), who infonned her that she had successfully completed 4 stages of the DFHV interview process and had advanced to the fifth stage which entailed being interviewed by the Director of the Mayor's Office of Legal Counsel.

3

14.   On January 10, 2018, Ms. Lea was interviewed by the Director and Chief of Staff of the MOLC, Mark Tuohey and Thomas Moir, respectively.

15.   Following an extensive and extended interview, Ms. Lea was informed by Director

Tuohey that he was recommending her for the position of General Counsel of the

DFHV.

16.   Later in January, 2018, Ms. Lea participated in a telephone interview with Mr. Ernest Chrappah, Director of the DFHV. Following the interview, Ms. Lea was

informed by the Director that she was selected for position of General Counsel

of DFHV. She was reminded that she would have to comply with the District of

Columbia residency requirement, if she accepted the appointment.

17.   On February 14, 2018, Ms. Ricks requested that Ms. Lea submit her Certificate of

Good Standing for her District of Columbia Bar license. On February 20, 2018,

Ms. Lea submitted her requisite Certificate of Good Standing to practice law in the

District of Columbia. She also executed all necessary authorizations for release of

information and provided references to the District of Columbia Office of Human

Resources on March 8, 2018.

18.   On March 13, 2018, Ms. Lea was contacted by Director Chrappah who ensured

her that she would receive her official offer letter on March 15, 2018; and

advised that she give notice to her present employer immediately upon receipt

of the letter. He also strongly requested that she modify/accelerate her start date

as General Counsel of the DFHV. Her start date was scheduled for April 9, 2018.

4

19. On March 15, 2018 after this long and very competitive search, Ms. Lea received her official offer for the position of General Counsel for the District of Columbia DFHV (the offer).

20. The offer was extended on behalf of the District of Columbia government in a letter signed by Ventris C. Gibson, Director of the District of Columbia Deparünent of Human Resources (DCHR).

21. The only contingencies and/or conditions indicated in Ms. Lea's offer of employment with the District of Columbia government as General Counsel of the DFHV were that Ms. Lea complete and comply with requirements for a) a criminal background check, b) a consumer credit check, and c) the residency requirement.

22. The offer indicated that Ms. Lea had five (5) days to accept. She accepted the offer on March 15, 2018, the same day that the offer was made.

23. Pursuant to the offer and acceptance of the position and representations made by representatives of the D.C. government, Ms. Lea resigned from her employment at the time, where she had been employed for more than four (4) years.

24. Ms. Lea was scheduled to attend orientation on April 9, 2018.

25. In compliance with the residency requirement, Ms. Lea relinquished her lease in Maryland and pursued a new lease in the District.

26. Ms. Lea executed all necessary documentation to successfully complete the requisite criminal background and consumer credit checks in a timely fashion.

27. On March 29, 2018, however, to Ms. Lea's deep chagrin, the District of Columbia government, by and through Ventris C. Gibson, Director of the District of Columbia Deparünent of Human Resources, summarily rescinded the offer to Ms.

5

Lea.

28. The revocation of the offer to Ms. Lea had nothing to do with either the criminal or consumer credit background checks, the only contingencies stated in the offer.

29. The District government, nonetheless, proceeded with the revocation of the offer to Ms. Lea despite a thorough investigation, vetting and hiring process.

30. The reason given for the revocation was that despite her superior performance in the highly competitive hiring process, Ms. Lea was allegedly "not suitable for the position", a clearly derogatory, disparaging and defamatory assessment and characterization of Ms. Lea's current professional capabilities. Ms. Lea was not provided an explanation as to why anything in her distant past would disqualify her from presently serving in the position for which she had applied.

31. Despite the scathing defamatory assessment and characterization by the District government, Ms. Lea's was in good standing with the District of Columbia Bar and determined to be fit to practice law in the District of Columbia, without limitation.

32. Subsequent to the District's sudden and unanticipated withdrawal of the offer and the concomitant defamatory declaration of Ms. Lea's alleged unsuitability, the

District government failed to accord her a proper, fundamental name clearing hearing.

33. Ms. Lea was only afforded a perfunctory, pro forma, inadequate pseudo paper appeal by the District government. This process failed to even provide an explanation as to why anything in her distant past would disqualify her from presently serving as General Counsel of the DFHV.

34. Despite the determination that Ms. Lea was in "good standing" pursuant to the rigorous professional standards of the District of Columbia Bar, Ms. Gibson in

6

the final notice of June 8, 2018, nonetheless, continued to declare that Ms. Lea

was "unsuitable for employment as a General Counsel . . . ", further defaming

and besmirching Ms. Lea's reputation.

35.     Subsequent to the revocation of Ms. Lea's offer to serve as General Counsel for
the

DFHV, she submitted numerous applications for legal positions in the D.C.

government to no avail, she got no where.

36.     Ms. Lea who had previously been offered a highly competitive legal position in
the

D.C. government, at the highest senior level in the government, all of a sudden

had the door to D.C. government employment shut.

37. Indeed, the apparent disdain for Ms. Lea among the District government

employment gatekeepers was so palpable that she was not even accorded

the courtesy of an interview, despite numerous subsequent applications for

legal positions in the District.

38.     As a result, Ms. Lea, who had looked forward to embarking on a new legal career

in the D.C. government, essentially found herself foreclosed from such a pursuit

as she was instead automatically determined to be "unsuitable" and disqualified

for any such positions.

<u>COUNT  1</u>
(<u>42 U.S.C. 6 1983</u> - Fifth Amendment Due Process: Reputation-Plus, Stigma-Plus)
(Dist-ict of Columbia)

39.     The plaintiff adopts and incorporates each and every allegation contained in
paragraphs 1 - 38 as if fully set forth herein.

40.     At all times relevant to the Complaint, defendant Ventris C. Gibson, Director of

the District of Columbia Department of Human Resources, was the government

official with delegated personnel authority over District of Columbia government agencies with respect to personnel matters.

41. At all times relevant to the Complaint, defendant Gibson acted under color of District of Columbia law as the final policy making government official with respect to personnel matters.

42. On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

43. Mer a lengthy application and vetting process, as outlined above, Ms. Lea clearly established that she was superbly qualified for the position of General Counsel for the Department of For-Hire Vehicles. She prevailed over all other applicants and was offered the position by defendant Gibson on March 15 with the only contingencies being successful completion of criminal background and consumer credit checks. Ms. Lea Ms. Lea accepted the government's offer on the same day

44. Ms. Lea accepted the government's offer on the same day of the offer and subsequently completed both background checks..

45. Soon thereafter, however, on March 29, 2018, the offer made to the plaintiff for the position of General Counsel for the Department of For-Hire Vehicles was summarily revoked by defendant Gibson and Ms. Lea's brief employment with the District of Columbia government was terminated.

46. In the process of revoking Ms. Lea's offer of employment and terminating her, defendant Gibson declared that Ms. Lea was "unsuitable for employment as a General Counsel . . . " and in the process blatantly defamed and impugned Ms. Lea's professional competence and reputation.

47. This bogus allegation was stated by Ms. Gibson despite the fact that Ms. Lea was in good standing with the Disffict of Columbia Bar and determined to be fit to practice law in the District of Columbia, without limitation. Moreover, Ms. Lea had successfully completed the aforementioned, fremendously thorough vetting process whereby it was unanimously determined that Ms. Lea was the best qualified of all applicants for the position.

48. Ms. Gibson's grossly defamatory and false assessment of Ms. Lea's capabilities was memorialized and put in her personnel file which was maintained with the D.C.

   Department of Human Resources (DCHR).

49. Defendant Gibson was fully aware that placement of Ms. Lea's personnel file in DCHR records ensured that Ms. Gibson's disreputable mischaracterizations of Ms. Lea's alleged "unsuitability" would be routinely disclosed to all future D.C. government agency personnel officials and prospective hiring decision makers throughout the Dist-ict of Columbia government pursuant to any and all applications filed by Ms. Lea for a legal position in the D.C. government.

50. As a result, it was foreseeable that Ms. Lea's reputation throughout the D.C. government would be thoroughly stigmatized and her ability to fairly apply for legal positions in the D.C. government, and beyond, would be woefully impaired.

51. Indeed, in the period following the revocation of her job offer, Ms. Lea applied for numerous legal positions at different levels throughout the District of Columbia government, to no avail.

52. Although Ms. Lea was more than qualified for the positions for which she sought employment, she was never once even accorded an interview and was routinely

9

and summarily denied consideration. Such blatant and consistent rebuffs clearly established that any real prospect of pursuing employment with the District of Columbia government in any legal position was completely foreclosed.

53. The liberty rights of Ms. Lea, pursuant to the Fifth Amendment, were well established at all times relevant to the Complaint. Moreover, Ms. Lea had a right to a name clearing hearing prior to her termination. She was denied this basic and fundamental hearing.

54. The foregoing ffeatment thus resulted in the gross infringement of Ms. Lea's protected liberty interests as guaranteed by the Fifth Amendment for which she seeks full redress as stated, infra.

<u>COUNT 11</u>
(Negligent Misrepresentation)
(District of Columbia, Ventris C. Gibson, Ernest Chrappah)

55. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 54 as if fully set forth herein.

56. On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

57. On March 13, 2018, after a long and thorough background investigation and vetting process, defendant Ernest Chrappah, Director of the DFHV, insured Ms. Lea that she would receive her official offer letter on March 15, 2018. Director Chrappah further advised Ms. Lea to immediately give notice to her present employer upon receipt of the letter.

58. On March 15, 2018, as Mr. Chrappah had indicated, defendant Venn-is C. Gibson notified Ms. Lea that she, in fact, had been selected and was offered the position of General Counsel for the Department of For-Hire-Vehicles.

10

59.     In the offer letter, Ms. Lea was informed that two contingencies remained in the hiring process. These contingencies required that Ms. Lea "successfully pass a criminal background and consumer credit check as a condition of employment . . .

." No further contingencies or conditions were indicated in the offer letter.

60.     Assuming the representations in the offer letter to be true and confident that she could pass the criminal background and consumer credit checks, Ms. Lea accepted

the offer on March 15, 2018, the same day that it was extended. As anticipated, Ms. Lea successfully completed and passed the criminal background and consumer credit checks in a timely fashion.

61.     In further reliance upon the representations and promises of employment made by the defendants, Ms. Lea followed Director Chrappah's advise and resigned from her job and relinquished her Maryland apartment lease and she sought residency in the District of Columbia as required for high level D.C. government officials.

62.     On March 29, 2018, however, to Ms. Lea's great chagrin, defendant Ventris C. Gibson, Director of the District of Columbia Department of Human Resources, summarily terminated Ms. Lea.

63.     The reason given for Ms. Lea's termination was that pursuant to a suitability assessment it was determined that she was not suitable for the subject position of General Counsel of the DFHV. Ms. Lea, however, had never been informed of an additional suitability assessment contingency. Indeed, there had been no mention of it in the offer letter.

64.     As a result, the suitability assessment arose without warning, after the fact, as a key, material factor with respect to the circumstances relating to the offer and acceptance of employment process. Failing to timely disclose this vital consideration left Ms. Lea in dire straights, with neither employment nor a lease.

65.     Indeed, if the suitability assessment was so critical and a normal part of the vetting process, the District government had a duty to fully disclose this highly relevant, material consideration.

66.     The failure to disclose the suitability assessment requirement put Ms. Lea in a position where she made a critical decision, believing that she had the position subject only to the successful passing of the criminal background and consumer credit checks.

67.     Because the existence of the suitability requirement was never disclosed to Ms. Lea, she never had an opportunity to understand and determine what the suitability requirement was all about and to assess how best to proceed prior to resigning from her job and relinquishing her lease, as she was advised to do by Mr. Chrappah.

68.     Nonetheless, the question of "suitability' was significant with respect to the hiring decision and the defendants had a duty to indicate as much to the plaintiff prior to putting her in a position of jeopardizing her family's stability and financial welfare.

69.     The statements and representations by defendants Gibson and Chrappah relating to the offer of employment, which only mentioned two contingencies and never disclosed or mentioned the suitability requirement, were thus false and grossly misleading.

70.     Moreover, said statements induced the plaintiff to take uninformed actions detrimental to her immediate economic welfare and her future career.

71.     At all times relevant to the above allegations, defendants Ventris C. Gibson and Emest Chrappah were working within the scope of their employment with the District of Columbia government.

PRAYER FOR RELIEF

WHEREFORE, plaintiff Terri Lea prays that this court:

a.      Award plaintiff $1,000,000 in compensatory damages against all defendants; b.      Award plaintiff $500,000 in punitive damages against the individual defendants;

c.      Enjoin and prohibit the District of Columbia from foreclosing the plaintiff from employment as an attorney with the Dist-ict of Columbia government;

d.      Enjoin dissemination of derogatory information in plaintiffs personnel file;

e.      Enforce the promise made by the District with respect to the employment of the plaintiff as General Counsel for the Departrnent of For-Hire Vehicles;

f.      Award plaintiff costs against all defendants;

g. Award plaintiff attorney's fees; and

h.      Grant such other relief as it may deem just and proper.

Is/ John F. Pressley, Jr.

Jo n F. Press ey, Jr. #3797
7600 Georgia Avenue, N.W., Suite 206
Washington, D.C. 20012
(202) 723-8800
(202) 723-8801 (fax) ifp
ressl verizon.net
Attorney or P aintiff

13

## JURY DEMAND

Plaintiff Terri Lea demands a trial by jury on all issues so triable.

[s/ John F. Pressley, Jr.
Jo F. Press ey, Jr.

14

# Superior Court of the District of Columbia

## CIVIL DIVISION- CIVIL ACTIONS BRANCH

## NFORNIATION SHEET

TERRI LEA

vs

——DISTRICT OF COLUMBIA et al.

Case Number:          2020 CA 003987 B

Date:        9/14120

One of the defendants is being sued _____

in their official capacity.

CASE: ☐ Non-Jury    ☒
1,000,000

| Name: (Please Print) | Relationship to Lawsuit |
|---|---|
| John F. Pressley, Jr. | ☒ Attorney for Plaintiff |
| Firm Name: | ☐ Self(Pro se) |
| Law Office of John F. Pressley, Jr | ☐ Other: |
| Telephone No.:    Six digit Unified Bar No. : | |
| 202 723-8800          379716 | |

TYPE OF CASE:        6 Person Jury     12 Person Jury Demand: $Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:Judge:Calendar #:

Case No.:_____    Judge:            Calendar#:

| NATURE OF SUIT:     Check One Box Onl |
|---|
| A. CONTRACTS                                    COLLECTION CASES |

☐ 01     Breach of Contract  14 Under $25,000 Pitf. Grants Consent  16 Under $25,000 Consent Denied
☐ 02     Breach of Warranty17 OVER $25,000 Pitf Grants Consenta 18 OVER $25,000 Consent Denied
☐ 06     Negotiable Instrument      27 Insurance/Subrogation     26 Insurance/Subrogation
☐ 07     Personal Property   Over $25,000 Plff. Grants Consent      Over $25,000 Consent Denied
☐ 13 Employment Discrimination    07 Insurance/Subrogation            34 Insurance/Subrogation
☐ 15 Special Education Fees        Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                   28  Motion  to  Confirm  Arbitration
                                   Award (Collection Cases Onl

**B. PROPERTY TORTS**

01 Automobile     03 Destruction of Private Property     05 Trespass
02 Conversion     04 Property Damage
07 Shoplifting, D.C. code 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of ☐ Process 10 Invasion of Privacy     17 Personal Injury- (Not Automobile,
☐ 02 Alienation ☐ of Affection 11 Libel and Slander     Not Malpractice)
☐ 03 Assault and ☐ Battery 12 Malicious Interference 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- ☐ Personal Injury 13 Malicious Prosecution     19 Wrongful Eviction
☐ 05 Deceit ☐ (Misrepresentation) 14 Malpractice Legal     20 Friendly Suit
☒ 06 False ☐ Accusation 15 Malpractice Medical (loc]uding Wrongfill Death) Z21
☐ Asbestos
07 False Arrest 16 Negligence- (Not Automobile,     22 Toxic/Mass Torts
08 Fraud     Not Malpractice)   23 Tobacco
                                    24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting     17 Merit Personnel Act (OEA)
☐ 02 Att. Before Judgrnent     (D.C. Code Title 1, Chapter 6)
☐ 05 Ejectrnent ☐ 18 Product Liability
09 Special Writ/Warrants
(DC Code 11-941)     24 Application to Confirm, Modify,
10 Traffic     Adjudication Vacate Arbitration Award (DC Code 16-4401)
☐ 1 1 Writ of Replevin 29 ☐ Merit Personnel Act (OHR)
☐ 12 Enforce Mechanics ☐ Lien 31 Housing Code Regulations
☐ 16 Declaratory Judgment 32 ☐ Qui Tam
                                    33 Whistleblower

11.

☐ 03 Change of Name     15 Libel of Information     21 Petition for Subpoena
☐ 06 Foreign Judgrnent/Domestic     19 Enter Administrative Order as     [Rule 28-1
☐ 08 Foreign Judgment/Intemational   Judgment [ D.C. Code     22 Release Mechanics Lien
☐ 13 Correction of Birth Certificate 2-1802.03 (h) or 32-151 9     23 Rule
☐ 14 Correction of Marriage     20 Master Meter (D.C. code     (Perpetuate Testimony)
Certificate     42-3301, et seq.)     24 Petition for Structured Settlement
26 Petition for Civil Asset Forfeiture (Vehicle)     25 Petition for Liquidation
27 Petition for Civil Asset Forfeiture (Currency)
28 Petition for Civil Asset Forfeiture (Odaer)

D. REAL PROPERTY

☐ 09      Real Property-Real       ☐ Estate08 Quiet Title
☐ 12 Specific Performance25      ☐ Liens: Tax / Water Consent Granted
☐ 04 Condemnation (Eminent       ☐ Domain)30 Liens: Tax / Water Consent Denied
☐ 10      Mortgage        ☐ Foreclosure/Judicial Sale 31 Tax Lien Bid OffCertificate
Consent Granted 1 1 Petition for Civil Asset Forfeiture (RP)

Is/ John F. Pressley, Jr.                  9/14/20

_____            _____

Attomey's Signature                       Date

CV-496/ June 2015