Filed
D.C. Superior Court
03/16/2022 17:29PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| TERRI LEA | ) | **EXHIBIT C** |
| 5405 Tuckerman Lane, #B435 | ) | |
| North Bethesda, MD 208052 | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 2020 CA 3987 |
| | ) | Judge Shana Frost Matini |
| DISTRICT OF COLUMBIA | ) | Calendar 2 |
| A Municipal Corporation | ) | |
| 1350 Pennsylvania Ave., N.W. | ) | |
| Washington, D.C. 20004 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| VENTRIS C. GIBSON   ) c/o Department of Human Resources  ) 1015 Half Street, S.E., 9th Floor   ) | | |
| Washington, DC 20003 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ERNEST CHRAPPAH | ) | |
| Department of Consumer and | ) | |
|   Regulatory Affairs | ) | |
| 1100 4th St S.W. | ) | |
| Washington, DC 20024 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RONALD R. ROSS   ) c/o Mayor's Office of Legal Counsel ) | | |
| 1350 Pennsylvania Avenue, NW, Suite 407 ) | | |
| Washington, DC 20004 | ) | |
| In his individual capacity | ) | |
| | ) | |

**Serve**: Chad Copeland, Stephanie Litos  )
and Tonia Robinson   )
Office of the Attorney General  )
400 Sixth Street, N.W.   )
Washington, D.C. 20001   )
    Defendants   )
_____)

## AMENDED COMPLAINT

COMES NOW, Plaintiff, Terri Lea, by and through her attorney, John F. Pressley, Jr., Esq., and for her Amended Complaint against the defendants herein, alleges as follows:

### I. INTRODUCTION

1. This is a civil action brought pursuant to federal civil rights law (42 U.S.C. §1983) and the common law of the District of Columbia seeking monetary damages and injunctive relief for violation of the plaintiff's civil, constitutional and common law rights.

### II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to D.C. Code §11-921 (2001 ed., as amended).

3. Notice pursuant to D.C. Code §12-309 (2001 ed., as amended) was served on the Mayor of the District of Columbia on September 10, 2018.

### III. THE PARTIES

4. The plaintiff, TERRI LEA, at all times relevant to the Complaint was a resident of Maryland or the District of Columbia.

5. Defendant DISTRICT OF COLUMBIA is a municipal corporation that operates and manages the Department of For-Hire Vehicles and the Department of Human Resources (DCHR). In the events relevant to this case, the District of Columbia acted through its agents, employees, and servants.

6. Defendant VENTRIS C. GIBSON, at all times relevant to the complaint, was Director of the District of Columbia Department of Human Resources and as such was a final policy making official with delegated personnel authority over District of Columbia government agencies. At all times relevant to the complaint, said defendant acted under color of District of Columbia law.

7. Defendant ERNEST CHRAPPAH, at all times relevant to the complaint, was Director of the District of Columbia Department of For-Hire Vehicles (DFHV). Mr. Chrappah is currently the District of Columbia Director of the Department of Consumer and Regulatory Affairs (DCRA).

8. Defendant RONALD R. ROSS, at all times relevant to the complaint, was Director of the Mayor's Office of Legal Counsel (MOLC), subsequent to serving as Deputy Director of MOLC.

## IV. STATEMENT OF FACTS

9. On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

10. On November 27, 2017, plaintiff was interviewed by three (3) members of the DFHV cabinet, including the Acting General Counsel, Monique Bobcock and Director, Ernest Chrappah.

11. On November 27, 2017, Ms. Lea was also interviewed by Tanya Ricks, the Director of Human Resources for the DFHV, who informed her of the agency's six (6) stage hiring process.

12. On November 27, 2017, Ms. Lea received a questionnaire and personality test from Ms. Ricks and was given 48 hours to answer six (6) essay questions and complete a personality test.

13. On November 29, 2017, Ms. Lea completed the personality test and submitted her responses to the interview questionnaire.

14. On January 8, 2018, Ms. Lea was contacted by Thomas Moir, the Chief of Staff for the Mayor's Office of Legal Counsel (MOLC), who informed her that she had successfully completed 4 stages of the DFHV interview process and had advanced to the fifth stage which entailed being interviewed by the Director of the Mayor's Office of Legal Counsel.

15. On January 10, 2018, Ms. Lea was interviewed by the Director and Chief of Staff of the MOLC, Mark Tuohey and Thomas Moir, respectively.

16. Following an extensive and extended interview, Ms. Lea was informed by Director Tuohey that he was recommending her for the position of General Counsel of the DFHV.

17. Later in January, 2018, Ms. Lea participated in a telephone interview with Mr. Ernest Chrappah, Director of the DFHV. Following the interview, Ms. Lea was informed by the Director that she was selected for position of General Counsel of DFHV. She was reminded that she would have to comply with the District of Columbia residency requirement, if she accepted the appointment.

18. On February 14, 2018, Ms. Ricks requested that Ms. Lea submit her Certificate of Good Standing for her District of Columbia Bar license. On February 20, 2018, Ms. Lea submitted her requisite Certificate of Good Standing to practice law in the District of Columbia. She also executed all necessary authorizations for release of information and provided references to the District of Columbia Office of Human Resources on March 8, 2018.

19. On March 13, 2018, Ms. Lea was contacted by Director Chrappah who ensured her that she would receive her official offer letter on March 15, 2018; and advised that she give

notice to her present employer immediately upon receipt of the letter. He also strongly requested that she modify/accelerate her start date as General Counsel of the DFHV. Her start date was scheduled for April 9, 2018.

20. On March 15, 2018 after this long and very competitive search, Ms. Lea received her official offer for the position of General Counsel for the District of Columbia DFHV (the offer).

21. The offer was extended on behalf of the District of Columbia government in a letter signed by Ventris C. Gibson, Director of the District of Columbia Department of Human Resources (DCHR).

22. The only contingencies and/or conditions indicated in Ms. Lea's offer of employment with the District of Columbia government as General Counsel of the DFHV were that Ms. Lea complete and comply with requirements for a) a criminal background check, b) a consumer credit check, and c) the residency requirement.

23. The offer indicated that Ms. Lea had five (5) days to accept. She accepted the offer on March 15, 2018, the same day that the offer was made.

24. Pursuant to the offer and acceptance of the position and representations made by representatives of the D.C. government, Ms. Lea resigned from her employment at the time, where she had been employed for more than four (4) years.

25. Ms. Lea was scheduled to attend orientation on April 9, 2018.

26. In compliance with the residency requirement, Ms. Lea relinquished her lease in Maryland and pursued a new lease in the District.

27. Ms. Lea executed all necessary documentation to successfully complete the requisite criminal background and consumer credit checks in a timely fashion.

28. On March 29, 2018, however, to Ms. Lea's deep chagrin, the District of Columbia government, by and through Ventris C. Gibson, Director of the District of Columbia Department of Human Resources, summarily rescinded the offer to Ms. Lea.

29. Ms. Lea learned much later, after the filing of the instant lawsuit, that Director Gibson signed and served the notice of revocation at the request of Ronald R. Ross, who had replaced Mark Tuohey as Director of the Mayor's Office of Legal Counsel (MOLC).

30. The revocation of the offer to Ms. Lea had nothing to do with either the criminal or consumer credit background checks, the only remaining contingencies stated in the offer.

31. The District government, nonetheless, proceeded with the summary revocation of the offer to Ms. Lea despite a thorough investigation, vetting and hiring process.

32. The reason given for the revocation was that despite her superior performance in the highly competitive hiring process, Ms. Lea was allegedly "not suitable for the position", a clearly derogatory, disparaging and defamatory assessment and characterization of Ms. Lea's current professional capabilities.

33. Ms. Lea was not provided an explanation as to why anything in her distant past would disqualify her from presently serving in the position for which she had applied.

34. Despite the scathing defamatory assessment and characterization by the District government, Ms. Lea's was in good standing with the District of Columbia Bar and determined to be fit to practice law in the District of Columbia, without limitation.

35. Subsequent to the District's sudden and unanticipated withdrawal of the offer and the concomitant defamatory declaration of Ms. Lea's alleged unsuitability, the District government failed to accord her a proper, fundamental name clearing hearing.

36. Ms. Lea was only afforded a perfunctory, pro forma, inadequate pseudo paper appeal by the District government. This process failed to even provide an explanation as to why

6

anything in her distant past would disqualify her from presently serving as General Counsel of the DFHV.

37. Despite the determination that Ms. Lea was in "good standing" pursuant to the rigorous professional standards of the District of Columbia Bar, Ms. Gibson in the final notice of June 8, 2018, nonetheless, continued to declare that Ms. Lea was "unsuitable for employment as a General Counsel . . . ", further defaming and besmirching Ms. Lea's reputation.

38. Subsequent to the revocation of Ms. Lea's offer to serve as General Counsel for the DFHV, she submitted numerous applications for legal positions in the D.C. government to no avail, she got no where.

39. Ms. Lea who had previously been offered a highly competitive legal position in the D.C. government, at the highest senior level in the government, all of a sudden had the door to D.C. government employment shut.

40. Indeed, the apparent disdain for Ms. Lea among the District government employment gatekeepers was so palpable that she was not even accorded the courtesy of an interview, despite numerous subsequent applications for legal positions in the District.

41. As a result, Ms. Lea, who had looked forward to embarking on a new legal career in the D.C. government, essentially found herself foreclosed from such a pursuit as she was instead automatically determined to be "unsuitable" and disqualified for any such positions.

## COUNT I
(Declaratory Judgment)
(District of Columbia, Ventris C. Gibson, Ernest Chrappah, Ronald R. Ross)

42. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 41 as if fully set forth herein.

43. The Plaintiff, Terri Lea, after a thorough vetting was offered the position of General Counsel for the District of Columbia Department of For-Hire Vehicles (DFHV).

44. Shortly after being offered the position, the District of Columbia revoked the Offer pursuant to an allegations that Ms. Lea was now "unsuitable" to serve as General Counsel.

45. Ms. Lea was never offered a hearing to clear her name of the unfounded allegation which disparaged her legal reputation.

46. Subsequent to the revocation of the Offer, Ms. Lea applied for other legal positions in the District of Columbia government but was not even accorded an interview.

47. Ms. Lea sustained substantial compensatory damages, including lost wages and pain and suffering, in the wake of the foregoing wrongful treatment.

48. Plaintiff seeks a judicial declaration that the gross disparagement of her legal reputation and impairment of her ability to obtain pursue a legal career in the District of Columbia government, all without the opportunity for a name clearing hearing was a deprivation of her fundamental 5th Amendment right to due process.

49. Plaintiff further seeks judicial declaration and Order allowing her to exercise her right to a name clearing hearing, compensatory damages and attorney fees.

50. Plaintiff lastly seeks injunctive relief removing all disparaging information and allegations from her District of Columbia personnel records.

**COUNT II**
(42 U.S.C. § 1983 - Fifth Amendment Due Process: Reputation-Plus, Stigma-Plus)
(District of Columbia)

51. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 50 as if fully set forth herein.

52. At all times relevant to the Complaint, defendant Ventris C. Gibson, Director of the District of Columbia Department of Human Resources, was the government official with delegated personnel authority over District of Columbia government agencies with respect to personnel matters.

53. At all times relevant to the Complaint, defendant Gibson acted under color of District of Columbia law as the final policy making government official with respect to personnel matters.

54. On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

55. After a lengthy application and vetting process, as outlined above, Ms. Lea clearly established that she was superbly qualified for the position of General Counsel for the Department of For-Hire Vehicles. She prevailed over all other applicants and was offered the position on March 15 with the only contingencies being successful completion of criminal background and consumer credit checks. Ms. Lea accepted the government's offer on the same day.

56. Ms. Lea accepted the government's offer on the same day of the offer and subsequently completed both background checks.

57. Soon thereafter, however, on March 29, 2018, the District of Columbia government offer made to the plaintiff for the position of General Counsel for the Department of For-Hire Vehicles was summarily revoked.

58. The notice of revocation, although signed by defendant Gibson, was at the request of Ronald R. Ross, Director of the Mayor's Office of Legal Counsel, who acted in concert with Ms. Gibson. Accordingly, Ms. Lea's brief employment prospect with the District of Columbia government was abruptly terminated.

59. In the process of revoking Ms. Lea's offer of employment and terminating her, defendant Gibson declared that Ms. Lea was "unsuitable for employment as a General Counsel . . . " and in the process blatantly defamed and impugned Ms. Lea's professional competence and reputation.

60. This bogus allegation was stated by Ms. Gibson despite the fact that Ms. Lea was in good standing with the District of Columbia Bar and determined to be fit to practice law in the District of Columbia, without limitation. Moreover, Ms. Lea had successfully completed the aforementioned, tremendously thorough vetting process whereby it was unanimously determined that Ms. Lea was the best qualified of all applicants for the position.

61. Ms. Gibson's grossly defamatory and false assessment of Ms. Lea's capabilities was memorialized and put in her personnel file which was maintained with the D.C. Department of Human Resources (DCHR).

62. Defendant Gibson was fully aware that placement of Ms. Lea's personnel file in DCHR records ensured that Ms. Gibson's disreputable mischaracterizations of Ms. Lea's alleged "unsuitability" would be routinely disclosed to all future D.C. government agency personnel officials and prospective hiring decision makers throughout the District of Columbia government pursuant to any and all applications filed by Ms. Lea for a legal position in the D.C. government.

63. As a result, it was foreseeable that Ms. Lea's reputation throughout the D.C. government would be thoroughly stigmatized and her ability to fairly apply for legal positions in the D.C. government, and beyond, would be woefully impaired.

64. Indeed, in the period following the revocation of her job offer, Ms. Lea applied for numerous legal positions at different levels throughout the District of Columbia government, to no avail.

65. Although Ms. Lea was more than qualified for the positions for which she sought employment, she was never once even accorded an interview and was routinely and summarily denied consideration. Such blatant and consistent rebuffs clearly established that any real prospect of pursuing employment with the District of Columbia government in any legal position was completely foreclosed.

66. The liberty rights of Ms. Lea, pursuant to the Fifth Amendment, were well established at all times relevant to the Complaint. Moreover, Ms. Lea had a right to a name clearing hearing prior to her termination. She was denied this basic and fundamental hearing.

67. The foregoing treatment thus resulted in the gross infringement of Ms. Lea's protected liberty interests as guaranteed by the Fifth Amendment for which she seeks full redress as stated, infra.

## **COUNT III**
(Negligent Misrepresentation)
(District of Columbia, Ventris C. Gibson, Ernest Chrappah)

68. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 67 as if fully set forth herein.

69. On November 9, 2017, plaintiff, Terri Lea, applied for the position of General Counsel for the District of Columbia's Department of For-Hire Vehicles (DFHV).

70. On March 13, 2018, after a long and thorough background investigation and vetting process, defendant Ernest Chrappah, Director of the DFHV, insured Ms. Lea that she would receive her official offer letter on March 15, 2018. Director Chrappah further advised Ms. Lea to immediately give notice to her present employer upon receipt of the letter.

71. On March 15, 2018, as Mr. Chrappah had indicated, defendant Ventris C. Gibson notified Ms. Lea that she, in fact, had been selected and was offered the position of General Counsel for the Department of For-Hire-Vehicles.

72. In the offer letter signed by defendant Gibson, Ms. Lea was informed that only two contingencies remained in the hiring process. These contingencies required that Ms. Lea "successfully pass a criminal background and consumer credit check as a condition of employment . . . ." No further contingencies or conditions were indicated in the offer letter, nor were any additional contingencies revealed by either defendant Gibson or defendant Chrappah..

73. Assuming the representations in the offer letter to be true and confident that she could pass the criminal background and consumer credit checks, Ms. Lea accepted the offer on March 15, 2018, the same day that it was extended. As anticipated, Ms. Lea successfully completed and passed the criminal background and consumer credit checks in a timely fashion.

74. In further reliance upon the representations and promises of employment made by the defendants, Ms. Lea followed Director Chrappah's advise and resigned from her job and relinquished her Maryland apartment lease and she sought residency in the District of Columbia as required for high level D.C. government officials.

75. On March 29, 2018, however, to Ms. Lea's great chagrin, defendant Ventris C. Gibson, Director of the District of Columbia Department of Human Resources, summarily terminated Ms. Lea.

76. The reason given for Ms. Lea's termination was that pursuant to a suitability assessment it was determined that she was not suitable for the subject position of General Counsel of the DFHV. Ms. Lea, however, had never been informed of an additional suitability

assessment contingency. Indeed, there had been no mention of this critical additional contingent hurdle in the offer letter.

77. As a result, the suitability assessment contingency arose without any warning or notice to Ms. Lea. It was only after the fact that this critical, material contingency was revealed to Ms. Lea. This gross failure to timely disclose this vital consideration left Ms. Lea in dire straights, with neither employment nor a lease, creating emotional distress for Ms. Lea and her family.

78. Indeed, if the suitability assessment contingency was so critical and a normal part of the vetting process, the District government had a duty to fully disclose this highly relevant, material consideration.

79. The failure to disclose the suitability assessment requirement put Ms. Lea in a position where she made a critical decision, believing that she had the position subject only to the successful passing of the criminal background and consumer credit checks.

80. Because the existence of the suitability requirement contingency was never disclosed to Ms. Lea, she never had an opportunity to understand and determine what the suitability requirement was all about and to assess how best to proceed prior to resigning from her job and relinquishing her lease, as she was advised to do by Mr. Chrappah.

81. Nonetheless, the question of "suitability" was significant with respect to the hiring decision and the defendants had a duty to indicate as much to the plaintiff prior to putting her in a position of jeopardizing her family's stability and financial welfare.

82. The statements and representations by defendants Gibson and Chrappah relating to the offer of employment, which only mentioned two contingencies and never disclosed or mentioned the suitability requirement, were thus false and grossly misleading amounting to gross misrepresentations and a disservice to Ms. Lea.

83. Moreover, said statements and failure to reveal the suitability contingency induced the plaintiff to take uninformed actions detrimental to her family's immediate economic welfare and her future career.

84. At all times relevant to the above allegations, defendants Ventris C. Gibson and Ernest Chrappah were working within the scope of their employment with the District of Columbia government.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Terri Lea prays that this court:

a. Award plaintiff $1,000,000 in compensatory damages against all defendants;

b. Award plaintiff $500,000 in punitive damages against the individual defendants;

c. Enjoin and prohibit the District of Columbia from foreclosing the plaintiff from employment as an attorney with the District of Columbia government;

d. Enjoin dissemination of derogatory information in plaintiff's personnel file;

e. Enforce the promise made by the District with respect to the employment of the plaintiff as General Counsel for the Department of For-Hire Vehicles;

f. Award plaintiff costs against all defendants;

g. Award plaintiff attorney's fees; and

h. Grant such other relief as it may deem just and proper.

*/s/ John F. Pressley, Jr.*

John F. Pressley, Jr. #379716
7600 Georgia Avenue, N.W., Suite 206
Washington, D.C.  20012
(202) 723-8800
(202) 723-8801 (fax)
jfpressley@verizon.net
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff Terri Lea demands a trial by jury on all issues so triable.

*/s/ John F. Pressley, Jr.*

_____
_ John F. Pressley, Jr.